IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LQD BUSINESS FINANCE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19 C 4416 |
| ) | |
| AZIZUDDIN ROSE and ) | |
| AKF, INC. d/b/a Fundkite, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

There is an dispute in this case regarding which claims are subject to the constitutional right to a jury trial and which are not. Plaintiff LQD Business Finance, Inc. contends that it is entitled to a jury trial on its remaining claims against the defendants and on defendant Azizuddin Rose's remaining counterclaim against LQD. Defendant AKF, Inc. contends that the only claim on which there is a right to trial by jury is Rose's counterclaim against LQD.

AKF previously argued that Rose's counterclaim and LQD's claims against Rose should be severed from LQD's claims against AKF and tried separately. The Court overruled that argument at a hearing held on November 28, 2022. The Court concluded at that point that the case would be tried in its entirety to a jury, with the jury deciding any claims on which there is a right to a jury trial and acting as an advisory jury on any claims on which there is not a right to a jury trial. The Court tabled a final determination

about which claims fall on each side of that line until closer to trial. The matter is now ripe for decision.

1. LQD's remaining claims against Rose are claims for breach of fiduciary duty and for unjust enrichment. These claims largely overlap each other, so the Court will treat them as one for present purposes. These claims likewise overlap with LQD's single remaining claim against AKF, a claim for inducement of or aiding and abetting in Rose's alleged breach of fiduciary duty. A key element of these claims is the proposition that Rose owed a fiduciary duty to LQD, either as an employee or as an agent.

In ruling on summary judgment, the Court limited LQD to disgorgement-type recovery, in other words, recovering the defendants' gains (or perhaps their receipts) from the claimed wrongdoing. It's clear that this type of relief is considered to be equitable in nature. If this were the only remaining relief available on LQD's claims, there would be no question that there would be no right to a jury. *See, e.g., Chauffeurs, Teamster and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570 (1990).

2. But LQD also seeks, and is entitled to attempt to pursue at trial, punitive damages against both Rose and AKF on its claims against them. Punitive damages are typically considered a remedy at law, not equity. *See Curtis v. Loether*, 415 U.S. 189, 196 (1974). The Court must decide whether LQD's pursuit of this relief entitles it to a jury on claims that otherwise would be equitable claims on which there is no right to a jury trial.[1] Neither side has cited any controlling authority, nor has the Court found any. The Court's view, consistent with that expressed by Judge Robert Dow in *Client*

---

[1] Neither Rose nor AKF seeks a jury trial on LQD's claims.

*Funding Solutions Corp. v. Crim*, 943 F. Supp. 2d 849, 857-58 (N.D. Ill. 2013), and Judge John Lee in *Sunny Handicraft (H.K.) Ltd. v. Envision This!, LLC*, No. 14 C 15122, 2018 WL 723323, at *2 (N.D. Ill. Feb. 6, 2018), is that in this case the presence of a request for punitive damages does not entitle LQD (or, for that matter, any other party) to a jury on its claims. The basic reason for this, as discussed in both *Client Funding Solutions* and *Sunny Handicraft*, is that the equitable aspects of LQD's claims—the nature of the claims themselves and the fact that the primary relief sought is the equitable remedy of disgorgement—predominate.

3. For these reasons, if the only claims remaining were LQD's claims against the defendants, there would be no right to a jury trial. But we also have Rose's counterclaim against LQD for tortious interference with contract, on which LQD has demanded a jury trial. No party contends that there is no right to a jury trial on the counterclaim. Severing out *just* Rose's counterclaim (which no party has asked for in any event) would pose an unacceptably high risk of undue duplication of effort and further delay in resolving this case.

There are, however, overlapping issues between Rose's counterclaim and LQD's claims against Rose and AKF. Specifically, Rose's surviving tortious interference counterclaim turns (as best as the Court can tell) on whether he had authority to refer LQD credit applicants to other entities—like AKF—and obtain a commission for his own benefit. If Rose was an employee of LQD or had an agency relationship with LQD, his fiduciary duty would preclude him from profiting from a corporate opportunity. The Court is not entirely sure what Rose contends on this point. But it appears to be one of two things, or perhaps both: he is not an employee or agent of LQD, and/or he was

3

given express oral authority to refer entities that applied to LQD to other lenders and obtain a commission on any resulting loan by the other lender. If either of these is true, it not only establishes an element of Rose's counterclaim; this likely would also sound the death knell for LQD's claims against both Rose and AKF, which turn on this same point (among other things).

This factual overlap between Rose's claim against LQD and LQD's claims against the defendants brings the Seventh Amendment into play on LQD's claims even though they are predominantly equitable. As indicated, LQD is entitled to a jury on Rose's counterclaim. In addition, the jury's finding on the issue(s) common to Rose's counterclaim and LQD's equitable claims will bind the Court in its consideration of LQD's equitable claims against the defendants. *See, e.g., Int'l Fin. Servs. Corp. v. Chromas Techs. Canada, Inc.*, 356 F.3d 731, 735 (7th Cir. 2004) ("[T]he jury's determination of factual issues common to both the legal and equitable claims would bind the court."); *Allen v. Int'l Truck and Engine Corp.*, 358 F.3d 469, 471 (7th Cir. 2004) ("Factual issues common to damages and equitable claims must be tried to a jury, whose resolution of factual matters will control."); *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.*, 299 F.3d 643, 649-50 (7th Cir. 2002) ("Common issues . . . must be tried to a jury in order to prevent a judge's determination from foreclosing a party's right to have the issues in a common law suit tried by a jury.").

For these reasons, and as previously determined, the jury will hear and decide Rose's counterclaim, and it will sit as an advisory jury on LQD's claims against the defendants. On any issues common to the counterclaim and LQD's claims, the Court will submit one or more special interrogatories to the jury so that the Court will be able

4

to ascertain what the jury has found on the common issue(s). Any such finding(s) will be binding in the Court's determination of LQD's claims. The parties are directed to promptly confer regarding the special interrogatories and are to submit a proposal to the Court by 4:30 p.m. on February 22, 2023, so that the matter may be discussed, if needed, at the February 23 final pretrial conference.

Date: February 18, 2023

                                                    MATTHEW F. KENNELLY
                                                    United States District Judge